SCHEIFER, Respondent, v. KAHLMAN *et al.*, Appellants.

1. Where the defence relied upon is a joint defence, upon which all the defendants rely, one defendant can not be permitted, under the act of February 12, 1857, (Sess. Acts, 1857, p. 181,) to testify in behalf of his co-defendants.

*Appeal from St. Louis Court of Common Pleas.*

This was an action by Jacob D. Scheifer against Herman Kahlman, Ferdinand Strange, Frederick Schulenburg, Adolphus Bockler and Francis Saler. There are several causes of action joined in the same petition, all based upon indebtedness incurred by the defendants as partners. The defendants were alleged to be partners in the building of a railroad bridge over the Gasconade river. The defendants Kahlman, Bockler, Saler and Schulenburg filed a joint answer putting in issue the allegations of the petition.

The following is the bill of exceptions in the cause: " Be

it remembered, that on the trial of the above cause in the said court the following proceedings were had: Defendants Francis Saler, Frederick Schulenburg and Adolphus Bockler, at the time of the calling and before the trial of the cause, on the 24th of March, 1858, applied to the court for a continuance thereof based on the absence of Herman Kahlman, who resides in the city and county of St. Louis, alleged by said defendants to be a material witness for said last mentioned defendants. Said absent witness Kahlman had been duly subpœnaed and in attendance in court heretofore when said cause was first called. Under a general leave to take attachment, an attachment had also been issued for said Kahlman, but had not been returned or served on the absent witness. Plaintiff objected to a continuance on the ground of the absence of said Kahlman for the reason that said Kahlman was a co-defendant with said Saler, Schulenburg and Bockler on the record. Whereupon the court ruled that it could entertain no application for a continuance on said ground, and refused further process for said witness, to which ruling the defendants then and there excepted," &c.

*Krum & Harding* and *Kribben*, for appellants.

I. The court erred in refusing to sustain the motion for a continuance.

*Gantt* and *T. C. Johnson*, for respondent.

I. The court properly refused to grant the motion for a continuance. A co-defendant is not a competent witness for the defence in an action of assumpsit. (R. C. 1855, p. 1577, § 3, 6.) The act of February 12, 1857, (Sess. Acts, 1857, p. 181,) gives no aid to the application of defendants for a continuance on account of the absence of Kahlman, their co-defendant. The only matter as to which he could by possibility have been examined was the partnership. He could not, under the act, have been heard to diminish the debt, but only to disprove the joint liability of defendants with him for it as partners. The answer, however, is joint. The parties did not rely on or set up any defence which was not

common to them. The defence was joint. No co-defendant can be heard to establish such a defence. (See Benoist v. Donnelly, 26 Mo. 589.) Neither the materiality of the witness nor diligence was shown. It does not appear that the court improperly refused process. No case was made for the issue of process of attachment. No compliance with the rules of court is shown, nor any compliance with the statute. (8 Mo. 606.)

SCOTT, Judge, delivered the opinion of the court.

This case comes here for a refusal of a continuance. In this respect it is like the case of Garnier v. LeBeau et al., decided at this term of the court. The judgment will be affirmed, with ten per cent. damages ; Judge Ewing concurring.